**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 29, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

FRANK MARTINEZ,

      Petitioner - Appellant,

v.

DERRICK WILLIAMS, Warden; and
NEW MEXICO ATTORNEY
GENERAL GARY K. KING,

      Respondents - Appellees.

No. 13-2172
(D.C. No. 1:13-CV-00194-WJ-ACT)
(D.N.M.)

## ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

Before **HARTZ, GORSUCH,** and **PHILLIPS,** Circuit Judges.

In 1995 Frank Martinez pleaded guilty to first-degree murder, conspiracy to

commit murder, criminal sexual penetration, tampering with evidence, and

kidnapping.  He was sentenced to death for the first count and received 37.5 years

for each of the other counts, with the latter term to run consecutively with his

death penalty sentence.  After various state appellate proceedings, in 2003 Mr.

Martinez's death sentence was reduced to a term of life in prison.  Ten years later,

he filed a federal habeas petition seeking to have this result overturned.  But the

---

[*] This order is not binding precedent except under the doctrines of law of
the case, res judicata, and collateral estoppel.  It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

district court denied relief, finding the petition was untimely, barred by the statute of limitations. Now before this court, Mr. Martinez seeks a certificate of appealability (COA) so that he may contest the district court's ruling.

This we find we are unable to provide. We may grant a COA only if the petitioner first makes a "substantial showing of the denial of a constitutional right," supplying this court with grounds to think reasonable jurists could at least debate whether his petition should have been resolved in a different manner than the district court provided. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As a matter of plain congressional direction, state prisoners face a one-year statute of limitations in which to file habeas petitions. 28 U.S.C. § 2244(d)(1)(a). The clock begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* In Mr. Martinez's case, the district court found that the limitations clock began running by August 28, 2003 at the latest, and Mr. Martinez offers us no reason to question the district court's calculation. Plainly, then, there is no room to debate that the one-year limitations period has long since passed.

Before this court Mr. Martinez seems to argue that the district court should have tolled the limitations period as a matter of equity given his claim of actual innocence. This, of course, the district court has the power to do. *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931-34 (2013). Still, the Supreme Court has

instructed that to toll the limitations period to entertain a claim of actual innocence, the petitioner must show that "in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* at 1928 (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). And in this case, the district court could find no such evidence. Mr. Martinez did suggest to the district court that there may be some sort of unspecified DNA evidence available and that it should be favorable to him. But he did not present the district court with any evidence to this effect. And the district court held that Mr. Martinez's "self-serving conjecture" fails to satisfy the Supreme Court's standard for equitable tolling. On the record before this court, we see no lawful basis that might permit us to express any disagreement with that assessment.

The request for a COA and the motion seeking leave to proceed *in forma pauperis* are denied and the matter is dismissed. Mr. Martinez is reminded of his obligation to pay the filing fee in full.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge